IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT B. PURVIS,

        Plaintiff,        Case No. 3:10-cv-331

vs.        Judge Thomas M. Rose

MICHAEL J. ASTRUE,        Magistrate Judge Sharon L. Ovington
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER GRANTING THE COMMISSIONER'S OBJECTIONS (Doc. #13) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; REMANDING THIS MATTER TO THE COMMISSIONER FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION AND TERMINATING THIS CASE**
_____

        Plaintiff Robert B. Purvis ("Purvis") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he was not disabled and, therefore, not entitled to Social Security disability benefits. On January 13, 2012, United States Magistrate Judge Sharon L. Ovington ("Magistrate Judge Ovington") entered a Report and Recommendations (doc. #12) recommending that the Commissioner's Decision be reversed and the matter be remanded to the Commissioner for the payment of benefits. The Commissioner subsequently filed Objections (doc. #13) and the time has run and Purvis has not responded to the Commissioner's Objections. This matter is, therefore, ripe for decision.

        Purvis most recently filed applications for disability insurance benefits ("DIB") and

supplemental security income ("SSI") in November 2006 alleging that he had been under a disability since November 18, 2005, due to manic psychotic bi-polar disorder and schizophrenia. The Commissioner denied Purvis's applications initially and on reconsideration. Administrative Law Judge Thaddeus J. Armstead, Sr. ("ALJ Armstead") held a hearing following which he determined that Purvis was not disabled. The Appeals Council denied Purvis's request for review and ALJ Armstead's decision became the Commissioner's final decision. Purvis then appealed to this Court pursuant to 42 U.S.C. § 405(g).

After considering the Administrative Record and briefing by the Parties, Magistrate Judge Ovington issued a Report and Recommendations recommending that the Commissioner's decision be reversed and this matter be remanded to the Social Security Administration for the payment of benefits consistent with the Social Security Act. Magistrate Judge Ovington found that ALJ Armstead "committed an error of law when he failed to evaluate Drs. Toca, Weber and Todd's assessments in accordance with Sixth Circuit precedent," and "the evidence is strong, if not overwhelming, and contrary evidence weak…" that Plaintiff is disabled.

## RELEVANT LEGAL PROVISIONS

The Sixth Circuit precedence to which Magistrate Judge Ovington is referring is the requirement that a treating physician's opinion be given controlling weight if it is well supported by medically acceptable data and if it is not inconsistent with other substantial evidence of record. *Blakely v. Commissioner of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009). If a treating source's opinion is not given controlling weight, the ALJ must determine how much weight is appropriate by considering certain factors. *Id.*

Further, Sixth Circuit precedence provides that, when, as here, "mental illness is the basis

of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation…." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989).

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company of New York v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error

prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## RELEVANT EVIDENCE OF RECORD

Drs. Todd, Toca and Weber all completed Mental Functional Capacity Assessments at separate times. Based on his last exam of Purvis on September 9, 2003, Dr. Todd concluded that Purvis was unemployable. Dr. Todd found that Purvis was moderately limited in, among other things: his ability to perform activities within a schedule and maintain regular attendance; his ability to work in coordination with others without being distracted by them; his ability to accept instructions and respond appropriately to criticism from supervisors; his ability to get along with coworkers or peers without distracting them or exhibiting emotional extremes; his ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. (Administrative Record ("A.R.") 338.)

Based on his last exam of Purvis on November 6, 2006, Dr. Weber concluded that Purvis was unemployable. Dr. Weber indicated that Purvis was moderately limited in, among other things: his ability to perform activities within a schedule and maintain regular attendance; his ability to work in coordination with others without being distracted by them; his ability to accept instructions and respond appropriately to criticism from supervisors; his ability to get along with coworkers or peers without distracting them or exhibiting emotional extremes; and his ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. (AR 393.) Dr. Weber indicated that Purvis was extremely limited in his ability to

complete a normal workday and workweek without interruptions from psychologically based symptoms. (Id.)

Based on her last exam of Purvis on October 3, 2008, Dr. Toca concluded that Purvis was unemployable. Dr. Toca indicated that Purvis was not significantly limited in his ability to perform activities within a schedule and maintain regular attendance. (A.R. 416.) She, however, indicated that Purvis was extremely limited in, among other things: his ability to work in coordination with others without being distracted by them; his ability to accept instructions and respond appropriately to criticism from supervisors; his ability to get along with coworkers or peers without distracting them or exhibiting emotional extremes; his ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. (Id.) Later, on November 19, 2008, Dr. Toca indicated that adherence to medicine regimes will result in a reduction in symptoms of mental illness for Purvis. (A.R. 426.)

## ANALYSIS

ALJ Armstead found that the conclusion by Drs. Todd, Toca and Weber that Purvis is unemployable cannot be given controlling or even deferential weight because such a conclusion is not well supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with other substantial evidence in the case record. ALJ Armstead's decision that Drs. Todd's, Toca's and Weber's ultimate conclusion that Purvis is disabled and not employable is, of course, reserved for the Commissioner and is not made by treating physicians. (Social Security Ruling 96-5p; 20 C.F.R. §§ 404.1527 and 416.927.) Thus, the issue is not how ALJ Armstead addressed the disability conclusions of Drs. Todd, Toca and Weber. The issue is how ALJ

Armstead addressed the limitations found by Drs. Todd, Toca and Weber. ALJ Armstead must give good reasons for rejecting these limitations.

The ALJ considered the limitations found by Drs. Todd, Toca and Weber and concluded that "it does not appear probable that the claimant experienced 'marked' or 'extreme' limitation due to mental impairment as indicated by Dr. Toca and Dr. Weber for any sustained period of time. The 'moderate' degree of limitation described by Dr. Todd appears to be more credible." The ALJ based this conclusion on his finding that Purvis's symptoms are effectively controlled with appropriate treatment. ALJ Armstead says little about Dr. Toca's opinion except that it is not well supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with other substantial evidence in the record.

The conclusion that Purvis's symptoms may be effectively controlled with appropriate treatment is supported by evidence in the record. The evidence of record indicates that Purvis was admitted to Good Samaritan Hospital on July 29, 2003, and was discharged on August 8, 2003. (A.R. 229-37.) The discharge diagnosis was bipolar disorder and alcohol abuse. (Id.) He also tested positive for marijuana. (Id.) He was treated for alcohol abuse and his meds were adjusted. (Id.) He was released with instructions to take his meds and follow up with an appointment at Eastway. (Id.) It was immediately after this hospital visit that Dr. Todd saw Purvis and prepared the evaluation more fully described above.

On September 25, 2006, Purvis was admitted to Good Samaritan Hospital. (A.R. 359-91.) Purvis's parents wanted him evaluated due to an increase in his psychotic behavior and beliefs. (Id.) He reported using marijuana four to five times per day. (Id.) Once Purvis's meds were adjusted by the hospital, he returned to his baseline level of functioning, and was discharged

6

home with follow-up at LifeWell for intensive outpatient services and at Eastway for high-risk assessment. (Id.) Dr. Weber reported on October 18, 2006, that Purvis would benefit from Intensive Outpatient Services for continued stabilization and to avoid further hospitalization. (A.R. 410.) Dr. Weber's evaluation indicates that Purvis was last seen on November 10, 2006. (A.R. 394.)

Purvis was discharged from LifeWell on November 21, 2006.(A.R. 396-415.) While at LifeWell, he saw Psychiatrist Dr. Dueno on a weekly basis. (Id.) His short term goal at LifeWell was to monitor medications and his long term goal was compliance with treatment and medication. (Id.) On November 21, 2006, Dr. Dueno reported that Purvis had achieved his goals and that Purvis was alert, focused, cooperative and in a calm mood. (Id.)

The evidence of record indicates that Purvis was seen at Eastway beginning in August of 2003 and continuing through 2009. (A.R. 416-523.) He was apparently getting prescriptions for his meds there. During 2008, the record indicates that Purvis was not cooperative and was refusing blood tests to determine the amount of meds present. (Id.) It was during his visits in late 2008 to Eastway that Dr. Toca prepared the evaluation discussed above.

On February 13, 2007, psychologist Dr. Tishler reviewed Purvis's files and concluded that Purvis was "able to sustain well-learned tasks in relatively static, familiar environment, in which he [Purvis] is only required to interact superficially with others." (A.R. 275-91.) Dr. Tishler also concluded that Purvis appeared to be improving on medication. (Id.)
Dr. Tishler's findings were later confirmed by Dr. Rivera. (A.R. 294.)

However, Drs. Tishler and Rivera reviewed Purvis's records before Dr. Toca's evaluation was performed. Dr. Toca noted severe restrictions but, to further complicate the issue, she later

indicates that adherence to his meds will result in a reduction of mental illness symptoms for Purvis. Thus, the reasoning provided by ALJ Armstead does not address the opinions offered by Dr. Toca, and Dr. Toca's opinions are the last in the record prior to ALJ Armstead's decision on August 11, 2009.

ALJ Armstead has identified evidence in the record from which he could conclude that Purvis was not disabled. But, he has not adequately explained why Dr. Toca's severe restrictions should not be used.

ALJ Armstead erred as a matter of law when he did not give specific reasons for discounting Dr. Toca's restrictions or did not accept the restrictions. Thus, ALJ Armstead's opinion must be reversed.

Remand under Sentence Four of 42 U.S.C. § 405(g) is appropriate if the ALJ misapplied the regulations or when there is not substantial evidence to support one of the ALJ's factual findings. *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994). The court may award benefits without remand if substantial evidence does not support the ALJ's decision and if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Id.* However, a judicial award of benefits is permitted only where the proof of disability is strong and evidence to the contrary is lacking. *Id.*

In this instance, there is evidence that, at least prior to 2008, Purvis's symptoms were effectively controlled with appropriate treatment. But, there is also evidence in 2008 that Purvis was severely impaired in several areas. Thus, proof of a disability is not strong and there is evidence to the contrary. Therefore, a remand is appropriate.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's

Report and Recommendations (doc. #12) and in the Commissioner's Objections (doc. #13), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, the Commissioner's Objections (doc. #13) are granted. The Commissioner's decision that Purvis was not disabled is vacated. This matter is remanded to the Commissioner for further proceedings consistent with this Entry and Order. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

      **DONE** and **ORDERED** in Dayton, Ohio, this Twelfth Day of March, 2012.

.                                        **s/Thomas M. Rose**

                                        _____
                                        JUDGE THOMAS M. ROSE
                                        UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record